(May 22, 1909.)

WILLIAM BINKLEY, Appellant, v. W. N. STEPHENS, State Fish and Game Warden of the State of Idaho, Respondent.

[102 Pac. 10.]

GAME LAWS—RIGHT TO POSSESSION OF GAME—MISDEMEANOR—GAME WARDEN—AUTHORITY OF.

1. Under the provisions of sec. 9 of the game laws (Sess. Laws 1905, p. 257), it is a misdemeanor for any person to have in his possession carcasses, skins, heads or antlers of game animals in excess of the number provided for by said act.

2. Under the provisions of said act, the game warden has general power and authority to take possession of game animals, or any parts thereof, from any person who has in his possession such animals or parts thereof in excess of the number which he may legally have in his possession under the provisions of said law.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District, for Fremont county. Hon. J. M. Stevens, Judge.

Action to recover for damages resulting from the taking by the game warden from the appellant of forty-nine elk scalps and one antelope scalp. Judgment for the defendant. *Affirmed.*

H. L. Fisher, for Appellant.

Our statute gives the game warden no authority to confiscate the plaintiff's property. And even if it did, such statute would be unconstitutional and void without a procedure providing for a judicial hearing and judgment, after due notice, as not being due process of law. (*Ieck v. Anderson,* 57 Cal. 251, 40 Am. Rep. 115; *Territory v. Evans,* 2 Ida. 658, 23 Pac. 115; *McCandlish v. Commonwealth,* 76 Va. 1002; *Averill v. Chadwick,* 153 Mass. 171, 26 N. E. 441; *Linden v. McCormick,* 90 Minn. 337, 96 N. W. 785; *McConnell v. McKillip,* 71 Neb. 712, 115 Am. St. 641, 99 N. W. 505, 65 L. R. A. 611; *Neal v. Morse,* 134 Mich. 186,

96 N. W. 14; *Boggs v. Commonwealth,* 76 Va. 989; *Colon v. Lisk,* 153 N. Y. 188, 60 Am. St. 609, 47 N. E. 302; *McVeigh v. United States,* 11 Wall. 267, 20 L. ed. 80; *The James G. Swan,* 77 Fed. 473; *Russell v. Hanscomb,* 15 Gray, 166; *King v. Hayes,* 80 Me. 206, 13 Atl. 882; *Loesch v. Koehler,* 144 Ind. 278, 41 N. E. 326, 43 N. E. 129, 35 L. R. A. 682.)

D. C. McDougall, Attorney General, and Soule & Soule, for Respondent.

The right to seize private property when public interest is at stake was a common-law right; and the adoption of the constitution has not taken this right away. (*Lawton v. Steel,* 119 N. Y. 226, 16 Am. St. 813, 23 N. E. 878, 7 L. R. A. 134; *Hornbeke v. White,* 20 Colo. App. 13, 76 Pac. 926; *Bittenhaus v. Johnston,* 92 Wis. 588, 66 N. W. 805, 32 L. R. A. 380; *Selkirk v. Stephens,* 72 Minn. 335, 75 N. W. 386, 40 L. R. A. 759.)

"The ownership acquired in game or fish is not such an ownership as one acquired in chattels or lands, but is merely a qualified ownership, and the possession of fish and game is at all times subject to such regulations as the legislature may see proper to make, subject to the provisions of the constitution." (*Geer v. Connecticut,* 161 U. S. 519, 16 Sup. Ct. 600, 40 L. ed. 793; *State v. Rodman,* 58 Minn. 393, 59 N. W. 1098; *Lawton v. Steele,* 151 U. S. 133, 14 Sup. Ct. 499, 38 L. ed. 385; *State v. Snowman,* 94 Me. 99, 80 Am. St. 380, 46 Atl. 815, 50 L. R. A. 544; *Stevens v. State,* 89 Md. 669, 43 Atl. 929.) Our statute applies to game wherever killed, and is not unconstitutional, and the enactment is within the police power of the state. (*Ex parte Maier,* 103 Cal. 476, 42 Am. St. 129, 37 Pac. 402; *Phelps v. Racey,* 60 N. Y. 10, 19 Am. Rep. 140; *Stevens v. State, supra; American Ex. Co. v. People,* 133 Ill. 649, 23 Am. St. 641, 24 N. E. 758, 9 L. R. A. 138; *Roth v. State,* 51 Ohio St. 209, 46 Am St. 566, 37 N. E. 259; *State v. Randolph,* 1 Mo. App. 15.)

SULLIVAN, C. J.—This action was brought by the plaintiff, Binkley, who is appellant here, against W. N. Stephens, the state fish and game warden of the state of Idaho, who is respondent, to recover the alleged value of forty-eight elk scalps, one antelope scalp and one calf elk scalp, said scalps consisting of the skin of the heads and necks of such animals.

The case was tried upon a stipulation of facts, which stipulation is as follows:

"1. That the defendant W. N. Stephens is and at all times mentioned in the pleadings herein was the duly appointed, qualified and acting state fish and game warden of the state of Idaho, and in relation to all matters referred to in the pleadings in this case the said defendant was acting in his said official capacity.

"2. That on the 1st day of October, 1906, the plaintiff had in his possession in the state of Wyoming the personal property described in his complaint herein, to wit: Forty-eight elk scalps and one antelope scalp and one calf elk scalp, which scalps were taken from the carcasses of wild elk and antelope killed in Jackson's Hole, Uinta county, state of Wyoming. Said scalps were by plaintiff on or about October 1, 1906, closely packed in a dry-goods box in Jackson's Hole, Uinta county, Wyoming, in the condition they were in when taken from the wild animals, and the box was nailed up. so that the contents of the box could not be discovered except by breaking the box open. The box with the scalps in it. was then loaded into a wagon in said Jackson's Hole and hauled by team from there to the shipping station of the Oregon Short Line Railroad Company at Sugar City, in Fremont county, Idaho, the nearest railroad station to the point where said elk and antelope were killed, and plaintiff herein in person delivered said box with the scalps concealed in it as above stated to the agent of said Oregon Short Line Railroad Company at Sugar City, on the 4th day of October, 1906, and upon being asked what the box contained, the plaintiff informed said agent, G. F. Johnson, that the same contained 'household goods,' and that he desired

the same billed and shipped as 'household goods' over said railroad from Sugar City, Idaho, to Los Angeles, California, and thereupon the said agent, in order that the said scalps might be shipped over said railroad as directed by plaintiff, billed the same as 'household goods,' and marked on the said box the address and words 'household goods.'

"3. The said defendant upon learning the foregoing facts went to said station of the Oregon Short Line Railroad Company, on the 5th day of October, 1906, at Sugar City, Ida., and opened said box and found in said box the scalps referred to in the complaint in this cause and seized and took the same into his possession as said state fish and game warden, and still retained the same in his possession; that when the defendant took said scalps out of said box, they had no marks or tags of any kind on them and there were no other marks on the box except the ones indicated, and the plaintiff had never disclosed to anyone in Idaho what the box contained; the said shipment and scalps were not accompanied by a sworn statement of the plaintiff or anyone else showing that the said scalps were not procured contrary to any of the provisions of the fish and game laws of the state of Idaho. Said scalps were not stuffed nor were there any mounted heads among the scalps in question, and no work of any kind had been performed on any of them. The plaintiff is not, and was not at the time said scalps were seized by said game warden, a taxidermist, and he did not receive said scalps or any one of them as a taxidermist, and said scalps were not accompanied by an affidavit showing that the same were taken from animals killed in compliance with the game laws of the state of Idaho.

"4. That prior to the commencement of this action on or about the 1st day of June, 1907, the plaintiff demanded of the defendant the possession of all said scalps, and thereupon the defendant refused, and still refuses, to deliver said scalps or any of them to the plaintiff.

"5. That said forty-eight elk scalps and one antelope scalp and the calf elk scalp, being the personal property hereinbefore mentioned and referred to, were on the 5th day of October, 1906, at said Sugar City, Idaho, of the value of

$412.50, being the time and place that said property was taken possession of by said defendant as such state fish and game warden aforesaid.

"6. That said personal property hereinbefore referred to has not been taken for a tax, assessment, or fine, pursuant to a statute, except in so far as the statutes relating to the protection of fish and game authorized and justified said defendant as such state fish and game warden, to take the same, or seized under an execution or an attachment against the property of said plaintiff.

"It is further stipulated by and between the parties that the foregoing stipulation shall constitute the entire evidence in this cause in the trial of the same in said court and also on appeal to the supreme court of Idaho, if the same be taken on appeal, and the said stipulation is hereby made a part of the judgment-roll in this cause."

The court adopted said stipulation of facts as its finding of facts, and in addition thereto made the following findings of fact:

"7. That none of the allegations in plaintiff's complaint are true except as hereinbefore set out in these findings of fact, and all of the allegations and denials of the defendant's answer are true as hereinbefore set out in these findings of fact.

"8. That the plaintiff was not at the times mentioned in plaintiff's complaint at Sugar City, in Fremont county, Idaho, or at any other place, the owner or entitled to the possession of the forty-eight elk scalps, or any of them, or the one antelope scalp, or the one calf elk scalp, described in and referred to in plaintiff's complaint herein.

"9. That the defendant did not, on or about October 20, 1906, or at any other time, or at all, at Sugar City, in Fremont county, Idaho, or at any other place, wrongfully or without authority of law, or without right as such state fish and game warden, wrongfully take said goods and property from the possession of the Oregon Short Line Railroad Company, or from anyone else, and did not wrongfully convert the same to his own use, and does not wrongfully or

unlawfully detain the said scalps, or any of them from the plaintiff.

"10. That the defendant has not damaged the plaintiff in the sum of $1,000, or any other sum, or at all, by the taking or detaining of said scalps or otherwise, or at all."

As conclusions of law therefrom, the court found that the appellant was not entitled to the possession of said scalps, and that he had not been damaged in any sum whatever by said taking, and that the respondent lawfully and rightfully seized and took possession of said scalps, and lawfully and rightfully detained the same in his possession, and entered judgment against the appellant. This appeal is from the judgment.

The insufficiency of the evidence to support the findings of facts, Nos. 7, 8, 9 and 10 is assigned as error. Finding No. 7 is in conformity with the stipulated facts, and is therefore fully supported by the evidence. Finding No. 8 is, in fact, a conclusion of law, and it was not necessary for the court to find as a conclusion of law that the appellant was not the owner of said scalps. It was sufficient for the court to conclude that the appellant was not entitled to the possession of said scalps, and that conclusion would have supported the judgment entered in this case. Said findings 9 and 10 are conclusions of law, and are correct conclusions from the facts and fully supported by the findings.

This action was brought by a person who had in his possession the scalps of forty-nine elk and one antelope. Under the provisions of the game laws of this state (Sess. Laws 1905, p. 257), no person is entitled to have in his possession more than one elk at any time of the year, and he is prohibited from having in his possession an antelope at any time of the year, and under the provisions of sec. 9 of said act the possession of the carcasses, skins, heads or antlers of elk in excess of the number provided for by said act is a misdemeanor, regardless of where the elks were killed. It was therefore a misdemeanor for the appellant to have in his possession more than one of said scalps. That being true, in order to recover in this action, the plaintiff must

prove that he had committed a misdemeanor in having said scalps in his possession, and that he will not be permitted to do. The game warden, under his general power and authority, had the right to take in his official capacity for the benefit of the state said scalps, and has the authority to take game animals or any parts thereof from any person who has in his possession such animals or parts thereof in excess of the number which he may legally have in his possession. Therefore the game warden had full right and authority to take possession of said scalps for and on behalf of the state, and appellant cannot maintain this action to recover the value thereof.

The judgment is affirmed, with costs in favor of the respondent.

Stewart and Ailshie, JJ., concur.